UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STARLIGHT MARINE SERVICES, INC., | CASE NO. C19-1822RSM |
| Plaintiff, | ORDER ON PENDING MOTIONS |
| v. | IN ADMIRALTY |
| CHRISTOPHER SHANE THOMPSON, | |
| Defendant. | |

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Starlight Marine Services, Inc.'s Motion for a Speedy Hearing Under Fed. R. Civ. P. 57 (Dkt. #8) and Defendant's Motion to Dismiss Declaratory Judgment Action (Dkt. #11). Having reviewed the motions and responsive briefing, the Court resolves the motions as follows.

## II.    BACKGROUND

This maritime action is premised upon back injuries Defendant allegedly sustained while employed by Plaintiff and working on a vessel operated by Plaintiff. Defendant alleges that he was injured on February 25, 2019. Dkt. #1 at ¶ 8. Thereafter, Plaintiff provided maintenance

ORDER – 1

and cure[1] until Defendant indicated that the maintenance and cure should stop due to his impending employment with a third party. Defendant was hired by a third party on July 11, 2019, informed Plaintiff that payments should cease on July 25, 2019, and began work for that third party on July 26, 2019. *Id.* at ¶¶ 10–13. Defendant has subsequently worked for another employer as well. Defendant has represented to both post-injury employers that he had not previously been injured and that he was physically able to work. *Id.* at ¶¶ 14–18. The parties disputed whether Plaintiff fully satisfied its maintenance and cure obligations.

Unable to resolve the dispute, Defendant conveyed, on November 1, 2019, his intent to file a state court action "no later than the Thanksgiving holiday." Dkt. #11-3. Plaintiff initiated this action on November 9, 2019, asserting fraud, breach of contract, unjust enrichment, and injurious falsehood claims and seeking declaratory relief as to its maintenance and cure obligations. Dkt. #1. Defendant filed a state court action on November 22, 2019, asserting maintenance and cure claims. Dkts. #11-1 and #11-2 (*Thompson v. Starlight Marine Services, Inc., et al.*, Case No. 19-2-31054-5 SEA (King County Superior Court, 2019). On December 2, 2019, Plaintiff filed its motion for a "speedy hearing" of its action. Dkt. #8. Two days later, Defendant filed his Motion to Dismiss, requesting that the Court dismiss or stay this action to allow the state court action to proceed. Dkt. #11.

### III. DISCUSSION

Taking Defendant's Motion to Dismiss on its face, Plaintiff objects because Defendant did not attempt to satisfy either Rule 12 or Rule 56 of the Federal Rules of Civil Procedure. Dkt. #15 at 3. Though Defendant's briefing may leave something to be desired, his arguments clearly

---

[1] Under general maritime law, an injured seaman is entitled to "maintenance"—food and lodging—and "cure"—medical treatment—from the shipowner employing the seaman. *See* 1 ADMIRALTY & MAR. LAW § 6.28 (6th ed.).

ORDER – 2

rely on the "saving to suitors" clause of 28 U.S.C. § 1333. Dkt. #11 at 1, 3, 4, 5. That statute provides the district court's "original jurisdiction, exclusive of the courts of the States," for admiralty and maritime claims, but "saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). The provision allows seamen to bring Jones Act claims in state courts. Once filed, 28 U.S.C. § 1445 prohibits removal of the state court action to federal court.

In combination, these provisions generally provide the seaman "a right under the 'saving to suitors' clause to choose where he would like to bring a federal admiralty action." *Coastal Alaska Premier Seafoods, LLC v. Redfern*, No. 18-345JCC, 2018 U.S. Dist. LEXIS 81813, 2018 WL 2216191 (W.D. Wash. May 15, 2018). This broad "right" is put to the test when an opposing party is first to initiate an action—generally for declaratory judgment—outside of the seaman's preferred forum. Where, as here, a seaman wishes to pursue a state court action, but is unable to file before the opposing party files a federal court action, the trend, at least within this District, is to allow the state court action to proceed first, absent some compelling reason it should not. *See Ocean Alaska, LLC v. Hutchison*, C07-294JLR, 2008 U.S. Dist. LEXIS 116712, 2008 WL 3103394 (W.D. Wash. Aug. 4, 2008) (Judge Robart staying a federal declaratory judgment action that was filed more than two months prior to the filing of a state court maritime action); *Coastal Alaska Premier Seafoods, LLC v. Redfern*, No. 18-345JCC, 2018 U.S. Dist. LEXIS 81813, 2018 WL 2216191 (W.D. Wash. May 15, 2018) (Judge Coughenour staying federal declaratory judgment action that was filed five days prior to the filing of a state court maritime action); *Scandies Rose Fishing Co., LLC v. Pagh,* No. C18-0672RSM, 2018 U.S. Dist. LEXIS 182644, 2018 WL 5276587 (W.D. Wash. Oct. 24, 2018) (Undersigned staying federal declaratory judgment action filed almost a month before filing of state maritime action); *Glacier Fish Co. v. Becerra-Valverde,* 345 F. Supp. 3d 1340 (W.D. Wash. 2018) (Judge Robart allowing federal

ORDER – 3

action to proceed where it was filed almost a year before the seaman's state court action); *see also Belle Pass Towing Corp. v. Cheramie*, 763 F. Supp. 1348 (E.D. La. 1991).

This trend is further supported because, in the declaratory judgment context, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). As such, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Id.* at 282. The Declaratory Judgment Act, 28 U.S.C. § 2201, placed "a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Id.* at 288.

The Ninth Circuit has identified many non-exclusive considerations that should guide the district courts in weighing "concerns of judicial administration, comity, and fairness" to decide whether to exercise its power or defer to a parallel state court action. *Camberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991). Generally, the district courts are to avoid endorsing a party's forum shopping, needless determinations of state law, duplicative litigation, piecemeal resolution of disputes, procedural fencing, and entanglement of the state and federal courts. *Principle Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005) (citing *Am. States Ins. Co. v. Kearns*, 15 F.3d at 142 (9th Cir. 1994); *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998)).

In the context of an admiralty case such as this, there is little risk that the Court will needlessly decide issues of state law and each party most often asserts—as they do here—that its opponent is forum shopping. Accordingly, the Court focuses on the more helpful considerations of avoiding duplicative litigation, piecemeal resolution of disputes, procedural fencing, and the entanglement of the state and federal courts.

ORDER – 4

Considering the relevant arguments, the Court finds it appropriate to follow the trend in this case. Defendant maintains that he is afforded the opportunity for additional relief before the state court—as contrasted with the relief he may obtain in this federal forum—and that this action will not resolve the state court action. Dkt. #11 at 3, 4. Further, Defendant notes that the Court's resolution of this action may in fact adversely affect his state court remedies in violation of the saving to suitors clause and "requests that the Court dismiss or, alternatively, stay all proceedings" pending resolution of the state court action. *Id.* at 1. Defendant requests that the federal action proceed only if the state court action does not resolve the claims at issue.

Plaintiff's arguments to the contrary are not persuasive. First, Plaintiff argues that it is pursuing its own admiralty claims beyond its request for declaratory relief, that Defendant has not met the applicable standards for dismissing those claims, and that Plaintiff should not be denied its chosen forum to litigate those claims. Dkt. #15 at 5–8. But Plaintiff entirely overlooks Defendant's request that the Court stay this matter. *See generally id*. at 5–11. A stay negates Plaintiff's argument that it is being deprived of its chosen forum for those claims. *Id.* at 8. Plaintiff is still afforded the opportunity to pursue its claims in its chosen forum.

Second, the Court is not persuaded by Plaintiff's weak argument that "there is a risk that the cases are somewhat duplicative, however, the cases are not identical." *Id.* at 10 (quotation marks and citation omitted). Plaintiff takes the position that "whether and when [Defendant] reached maximum cure for his alleged back injury aboard the MICHELLE SLOAN—and who should pay for his treatment—has nothing to do with [Plaintiff]'s tort liability for the same alleged injury." Dkt. #13 at 3; *see also* Dkt. #15 at 10. But this conflicts with Plaintiff's Complaint which asserts that "no such injury and/or injury causing work disability occurred" and that Plaintiff had "no legal obligation, past or present, to pay [Defendant] any sums for 'maintenance,' 'cure' or other entitlements." Dkt. #1 at ¶¶ 9, 25. The matters strike the Court as

ORDER – 5

necessarily intertwined and the Court need not permit the possibility of incongruent results in different forums.

## IV. CONCLUSION

Having reviewed the parties' motions, the related briefing, and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant's Motion to Dismiss Declaratory Judgment Action (Dkt. #11) is GRANTED IN PART. This matter shall be STAYED pending resolution of the state court proceeding. The parties are INSTRUCTED to advise the Court once the state court proceeding is complete, should they wish to proceed in this matter.
2. Plaintiff Starlight Marine Services, Inc.'s Motion for a Speedy Hearing Under Fed. R. Civ. P. 57 (Dkt. #8) is DENIED as moot.
3. The Clerk is DIRECTED to administratively close this case.

DATED this 21 day of January, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE